12-4507-cv
Sacha v. Sedita

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of November, two thousand thirteen.

Present:     ROBERT A. KATZMANN,
                         *Chief Judge*,
             PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
                         *Circuit Judges*.

_____

MARK SACHA,

                    *Plaintiff-Appellant*,

          -v-                                              12-4507-cv

FRANK A. SEDITA, III, DISTRICT ATTORNEY OF ERIE COUNTY,
NEW YORK, ERIE COUNTY DISTRICT ATTORNEY'S OFFICE,

                    *Defendants-Appellees*.

_____

Appearing for Appellant:     Matthew J. Fusco (Lucinda Odell Lapoff, *on the brief*),
                             Chamberlain, D'Amanda, Oppenheimer & Greenfield, LLP,
                             Rochester, N.Y.

Appearing for Appellees:     Adam W. Perry (Joseph S. Brown, *of counsel*, *on the brief*),
                             Hodgson Russ, LLP, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Mark Sacha appeals from the judgment entered on October, 23, 2012, by the United States District Court for the Western District of New York (Skretny, *J.*), granting defendant-appellees Frank A. Sedita, III's, and the Erie County District Attorney's Office's (hereinafter, "Sedita") motion for summary judgment. At issue is whether the district court erred in concluding that Sacha's speech was not protected under the First Amendment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"To survive a motion for summary judgment on a First Amendment retaliation claim in the public employment context, the plaintiff must present evidence which shows . . . that the speech at issue was protected," among other requirements. *Nagle v. Marron*, 663 F.3d 100, 105 (2d Cir. 2011) (internal quotation marks omitted). To show that speech was protected, plaintiffs must establish that they were speaking "as a citizen on a matter of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). The government entity can still prevail if it "had an adequate justification for treating the employee differently from any other member of the general public." *Id.* (citing *Pickering v. Bd. of Ed. of Township High Sch. Dist. 205, Will Cty.*, 391 U.S. 563, 568 (1968). To establish whether the government entity was justified in treating the employee differently from any other member of the general public, and taking an adverse employment action against the employee, a court must weigh "free speech concerns . . . against efficient public service to ascertain to which the scale tips." *Melzer v. Bd. of Ed. of City Sch. Dist. of the City of New York*, 336 F.3d 185, 193 (2d Cir. 2003).

We affirm the district court, but do so on alternate grounds and make no ruling as to the correctness of the district court's basis for dismissal. *See, e.g.*, *Adirondack Transit Lines, Inc. v. United Transp. Union*, 305 F.3d 82, 88 (2d Cir. 2002) ("[W]e are entitled to affirm the district court on any ground for which there is support in the record, even if not adopted by the district court."). In this case Sedita has demonstrated that Sacha's speech was sufficiently disruptive to justify terminating his employment as an assistant district attorney. Though the public's interest in the subject of Sacha's speech is significant, it is not significant enough to overcome the systemic disruption to the Erie County District Attorney's Office that First Amendment protection for speech such as Sacha's has the potential to cause.

We have considered Sacha's remaining arguments and find they are without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2