Delano v. City of Buffalo

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         PIERRE N. LEVAL
         GUIDO CALABRESI,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
DENNIS DELANO,
        <u>Plaintiff-Appellant</u>,

        -v.-                                    14-3698

CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, H. MCCARTHY GIPSON, individually and in his former capacity as police commissioner of the City of Buffalo, DANIEL DERENDA, individually and in his capacity as deputy police commissioner of the City of Buffalo and interim police commissioner of the City of Buffalo, DENNIS RICHARDS, individually and in his capacity as chief of detectives of the Buffalo Police Department, BYRON

1

**BROWN, individually and in his capacity as mayor of the City of Buffalo,**

       <u>**Defendants-Appellees**</u>**.**

- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**            STEVEN M. COHEN (<u>with</u> Diane R. Tiveron <u>on the brief</u>), HoganWillig, PLLC, Amherst, New York.

**FOR APPELLEES:**           JOSEPH SCOTT BROWN (<u>with</u> Adam Walter Perry and Michael Brian Risman <u>on the brief</u>), Hodgson Russ LLP, Buffalo, New York, *for Defendants-Appellees City of Buffalo, Buffalo Police Department, Daniel Derenda, Dennis Richards, and Byron Brown*.

                                  PAUL A. WOODARD (<u>with</u> Terrence M. Connors and James W. Grable, Jr., <u>on the brief</u>), Connors & Vilardo, LLP, Buffalo, New York, *for Defendant-Appellee H. McCarthy Gipson*.

Appeal from a judgment of the United States District Court for the Western District of New York (Skretny, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Dennis Delano, a decorated Buffalo police officer, appeals from the judgment of the United States District Court for the Western District of New York (Skretny, <u>J.</u>), dismissing his First Amendment retaliation complaint against the City of Buffalo, the Buffalo Police Department, Police Commissioner H. McCarthy Gipson, Mayor Byron Brown, and others (collectively, "defendants"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Delano contends that the district court improperly granted summary judgment on his First Amendment retaliation claim.[1] We agree with the district court that Delano's speech was protected because he was speaking as a citizen on a matter of public concern. See Sousa v. Roque, 578 F.3d 164, 170 (2d Cir. 2009) (citing Garcetti v. Ceballos, 547 U.S. 410, 418 (2006)). And there is no dispute that Delano's 60-day suspension was an adverse action and that it was motivated at least in part by Delano's protected speech. See Skehan v. Village of Mamaroneck, 465 F.3d 96, 106 (2d Cir. 2006). Since Delano does not appeal the dismissal of claims against the other individual defendants (on the ground they were not "personally involved"), and since plaintiff has abandoned his claims against the City of Buffalo and the Buffalo Police Department, Gipson is the remaining defendant. So the decisive question is whether Gipson had "an adequate justification for treating [Delano] differently from any other member of the general public" based on the government's needs as an employer. See Garcetti, 547 U.S. at 418.

The defendant has "the burden to show that the employee's activity is disruptive to the internal operations of the governmental unit in question." Melzer v. Bd. of Educ. Of City Sch. Dist. Of City of N.Y., 336 F.3d 185, 197 (2d Cir. 2003). An adverse employment action will be upheld if "(1) the employer's prediction of disruption is reasonable; (2) the potential disruptiveness is enough to outweigh the value of the speech; and (3) the employer took action against the employee based on this disruption and not in retaliation for the speech." Locurto v. Giuliani, 447 F.3d 159, 172-73 (2d Cir. 2006). "The disruption must be significant enough so that it 'impairs discipline by superiors or harmony among co-workers, has a detrimental impact on close working relationships . . . or impedes the performance of the speaker's duties or interferes with the regular operation of the enterprise.'" Melzer, 336 F.3d at 197 (quoting Rankin v. McPherson, 483 U.S. 378, 388 (1987). The balancing test is "a *process* that looks at all the circumstances in a given situation and determines which interest weighs more heavily." Melzer, 336 F.3d at 197.

---

[1] Delano does not appeal the district court's ruling that defendants were entitled to summary judgment on his breach of contract claim.

Here we have little trouble deciding that it was reasonable for defendants to predict that Delano's conduct would be disruptive. Delano violated direct orders from superiors and other rules and regulations. He was ordered not to speak to the media or to investigate the Girard case. Yet he continued to conduct an independent investigation outside his regularly assigned duties, and he spoke to the media, supplying departmental photographs and videos to the press in violation of regulations. As a result, defendants were reasonable in concluding that the disruption had or could have had "a detrimental impact on close working relationships," "imped[ed] the performance" of Delano's duties, or "interfere[d] with the regular operation of the" police department. See Rankin, 483 U.S. at 388.

The value in Delano's speech is admittedly strong. He spoke out about what he believes is an injustice in the investigation of what may have been the murder of a young girl. But the defendant's interest is stronger. Gipson had his own duty to ensure that he maintained a "significant degree of control over [his] employees' words and actions; without it, there would be little chance for the efficient provision of public services." Garcetti, 547 U.S. at 418; see also Sacha v. Sedita, 543 F. App'x 115, 116 (2d Cir. 2013) ("Though the public's interest in the subject of [plaintiff's] speech is significant, it is not significant enough to overcome the systemic disruption to the Erie County District Attorney's Office that First Amendment protection for speech such as [plaintiff's] has the potential to cause."). Accordingly, we affirm the district court's grant of summary judgment.

For the foregoing reasons, and finding no merit in Delano's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4